UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MARTIN POST, JILL POST, JUDITH :
A. DARK and WILLIAM LANGLAIS, :
on behalf of themselves and :
others similarly situated, :
:
      Plaintiffs, :
:
v. : No. 5:07-CV-252-cr
:
KILLINGTON, LTD., AMERICAN :
SKIING COMPANY, SP LAND COMPANY, :
LLC, SP II RESORT, LLC, :
KILLINGTON/PICO SKI RESORT :
PARTNERS, LLC, and S-K-I, LTD., :
:
      Defendants. :

ORDER
GRANTING DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS, AND
GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
STRIKE CERTAIN PARAGRAPHS FROM THE DARK AND POST AFFIDAVITS

This matter came before the court on March 8, 2010 for a hearing on all pending motions. Plaintiffs are represented by Mitchell Pearl, Esq. and Erin Miller Heins, Esq. of Langrock Sperry & Wool, LLP. Defendants are represented by Alan S. Loewinsohn, Esq. of Loewinsohn Flegle Deary, LLP, Matthew B. Byrne, Esq. of Gravel & Shea, Gary F. Karnedy, Esq. of Primmer Piper Eggleston & Cramer, P.C., and Karen McAndrew, Esq. and Angela Clark, Esq. of Dinse, Knapp & McAndrew, P.C.

Defendants Killington, Ltd., American Skiing Company, S-K-I, Ltd., and Killington/ Pico Ski Resort Partners, LLC (collectively, the "Moving Defendants") seek

to strike Plaintiffs' Statement of Additional Material Facts that the Plaintiffs filed in response to the Defendants' motion for summary judgment (the "Statement"). (Doc. 185.) In addition, all of the Defendants have moved to strike portions of the Affidavits of named Plaintiffs Judith Dark and Martin Post. (Doc. 193.) The Plaintiffs opposed both motions to strike. (Doc. 198, 199.)

A.  The Statement of Additional Facts

In *Schroeder v. Makita Corp.*, 02-cv-299, 2006 WL 335680 (D. Vt. Feb. 13, 2006) (Sessions, C.J.), this court ruled that "the Local Rules do not provide an opportunity for the nonmoving party to file a statement of *undisputed* facts at the summary judgment stage." *Id.* at * 3 (emphasis in original). The court explained:

> Local Rule 7.1(c)(2) afforded Schroeder [the party opposing summary judgment] the opportunity to bring relevant disputed factual matters to the Court's attention, and he took full advantage of this opportunity by filing a 33-page response to Makita's statement of undisputed facts. The Local Rules make no provision for the second document filed by Schroeder. Furthermore, because a party's ability to withstand summary judgment depends on the existence of disputed facts, not undisputed ones, there is no need for Schroeder to establish undisputed facts at this stage of the litigation. Accordingly, the Court will strike Schroeder's "Statement of Undisputed Facts," and Makita is under no obligation to respond to it. The Court will not consider the document in its disposition of the remaining motions.

*Id.* at * 4.

Local Rule 56(b) (effective Dec. 1, 2009)[1] provides that "a party opposing summary judgment . . . must provide a separate, concise statement of disputed facts. All

---

[1] The relevant Local Rule before the Dec. 1, 2009 revision was Local Rule 7.1(c) which contains the same substantive language: "A separate, short and concise statement of *disputed* facts must accompany an opposition to a motion for summary judgment . . . ."

2

material facts in the movant's statement of undisputed facts are deemed to be admitted unless controverted by the opposing party's statement." The Rule does not contemplate the filing of a statement of undisputed facts by the non-moving party. This court finds the reasoning set forth in *Schroeder* persuasive and consistent with the plain language of the Local Rules. It thus hereby GRANTS the Moving Defendants' motion to strike the Plaintiffs' "Statement of Additional Facts." The court will disregard the Statement in ruling on the Defendants' pending motions for summary judgment.

B. Deposition Testimony vs. Affidavits

At the March 8, 2010 hearing on the motions to strike, the court ruled that it would strike those portions of the Dark and Post Affidavits that directly contradict the affiants' prior deposition testimony. *See Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997) ("[a] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous testimony") (quoting *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996)). In accordance with that ruling, the court reviews the Defendants' challenges *seriatim*.

1. The Dark Affidavit

Defendants seek to strike paragraph 4, a portion of paragraph 5, paragraph 6, and paragraph 11 of the affidavit attested to by Judith Dark on November 20, 2009. (Doc. 184-3.)

a. Paragraph 4 of the Dark Affidavit

Paragraph 4 of the Dark Affidavit states: "When my husband and I received our passes as a result of our investment, we were told that the passes would be good throughout our lifetimes and we reasonably relied on this information." (Doc. 184-3, ¶ 4.) In her August 19, 2008 deposition testimony, Judith Dark testified that she could not recall, generally or specifically, the substance of any written or oral communication that she engaged in or overheard, relating to the terms of her pass or any pass (including duration) with any employee of the Sherburne Corporation or Killington, Ltd. (other than her receipt of the pass itself). (Doc. 193, pp. 2-4; *see* Dark Dep., Ex. 1, pp. 23-24, 30-31, 38, 42.) The court finds a direct conflict between Ms. Dark's deposition testimony and ¶ 4 of her Affidavit insofar as it relates to Ms. Dark's knowledge and information regarding the terms of her pass. As the remaining statements contained in ¶ 4 are based upon hearsay, the court hereby strikes ¶ 4 *in toto*. *See* Fed.R.Civ.P. 56(e)(1) (stating that affidavit opposing summary judgment "must be made on personal knowledge, set[ting] out facts that would be admissible in evidence"); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999) (holding that hearsay statement "did not constitute competent evidence" and thus could not be considered in opposition to motion for summary judgment).

b. Paragraph 5 of the Dark Affidavit

Paragraph 5 of the Dark Affidavit states: "My pass was what is sometimes referred to as a P pass and could be transferred once during my lifetime." Defendants move to

strike the portion of ¶ 5 where Judith Dark avers that her pass "could be transferred once during my lifetime." They regard that statement as inconsistent with Ms. Dark's deposition testimony that, following her husband's death, she sold her husband's pass, which was the same type as hers. Defendants point out that Ms. Dark could not explain how the pass could be transferred after the death of the holder if the pass was tied to the life of the holder. (Doc. 193, pp. 5-6; *see* Dark Dep., Ex. 1, pp. 86-87.) The court will not grant Defendants' motion to strike this phrase from ¶ 5, finding no direct conflict.

    c.    Paragraph 6 of the Dark Affidavit

Paragraph 6 of the Dark Affidavit states: "The P Passes, as well as the annually transferable or 'AT Passes' at issue in this litigation, were well known in the Killington community and were commonly referred to as 'lifetime' passes by employees of the Killington ski resort, holders of the passes and others in the community." The Defendants move to strike ¶ 6 as containing inadmissible and irrelevant hearsay, as well as statements that contradict Judith Dark's deposition testimony. In her deposition, Ms. Dark testified that she did not have any written or oral communication with any person who represented Killington or S-K-I, Ltd. concerning whether the P-Pass or her pass was a lifetime pass, and could not recall the substance of the oral communication she had had with a Sherburne representative when she purchased her pass. (Doc. 193, pp. 6-8; *see* Dark Dep., Ex. 1, pp. 23-24, 30-31, 37-38, 42.) The court finds a conflict between Ms. Dark's denial of any representations from Sherburne or Killington employees and her statement that certain statements specifically related to the duration of the passes were made by "employees of

Killington Ski Resort" and thus strikes this portion of ¶ 6.

The Defendants further argue that the statement that "holders of the passes and others in the community" "commonly referred" to the passes as "lifetime" passes constitutes inadmissible hearsay. The court agrees that the statement is a hearsay statement for which the Plaintiffs cite no applicable exception. Accordingly, the court strikes ¶ 6 *in toto*. *See* Fed.R.Civ.P. 56(e)(1); *Sarno*, 183 F.3d at 160.

    d.    Paragraph 11 of the Dark Affidavit

Paragraph 11 of the Dark Affidavit states:

> I, and other AT and P passholders that I spoke to, believed our passes would continue to [be] honored following the 2007 sale of the resort, due, at least in part, to American Skiing Company's public filings prior to the 2007 sale of the resort, stating that lifetime passes would continue to be honored.

(Doc. 184, Ex. 3, ¶ 11.) Defendants move to strike ¶ 11 as containing hearsay, arguing that it is improper for Ms. Dark to attest to the beliefs of others and to repeat what others may have said. They also claim that ¶ 11 contradicts Ms. Dark's deposition testimony that she had never seen the Purchase Agreement (concerning the sale of the resort) that referred to the lifetime passes being honored, and that she had not reviewed the March 2007 Definitive Information Statement that American Skiing Company issued to its shareholders that stated that lifetime passes would continue to be honored. (Doc. 193, p. 8; *see* Ex. 1, Dark Dep., pp. 13-14, 63-64.) The Defendants conclude that, based on her testimony, Ms. Dark never relied on any SEC filing in connection with any conclusion she reached concerning her pass. (Doc. 193, p. 8.)

The court strikes that part of ¶ 11 that addresses Ms. Dark's belief that her pass

6

would be honored based, in part, upon public filings on the grounds that it contradicts her deposition testimony. It strikes the remaining portion of this paragraph on the grounds that it contains inadmissible hearsay. *See* Fed.R.Civ.P. 56(e)(1); *Sarno*, 183 F.3d at 160.

2. The Post Affidavit

a. Paragraph 5 of the Post Affidavit

Paragraph 5 of the Post Affidavit, dated November 20, 2009, states: "The P Passes, as well as the annually transferable or 'AT Passes' at issue in this litigation, were well known in the Killington community and were commonly referred to as 'lifetime' passes by employees of the Killington ski resort, holders of the passes and others in the community." (Doc. 184-4.) Defendants seek to strike ¶ 5 of the Post Affidavit on the ground that it directly contradicts Mr. Post's August 21, 2008 deposition testimony wherein Mr. Post testified that he could not be positive that anyone at the Killington Season Pass Office ever used the word "lifetime" and he could not identify anyone who told him that his pass was a "lifetime" pass. (Doc. 193, pp. 8-9; *see* Post Dep., Ex. 2 at pp. 62-63.) Mr. Post's testimony, however, was equivocal, because he also testified that the word "lifetime" was used. (Doc. 193, Post Dep., Ex. 2 at 62-63.) Further, he testified that he recalled discussions at Killington stockholder meetings about the passes in general, but recalled nothing specific. (Doc. 193, Post Dep., pp. 39-40.) The Court finds that ¶ 5 of Mr. Post's Affidavit does not "directly contradict" his deposition testimony. It, however, consists of hearsay statements that range beyond his deposition testimony and which Plaintiffs have not shown to be admissible. *See* Fed.R.Civ.P. 56(e)(1); *Sarno*, 183 F.3d at 160.

7

Accordingly, the court strikes ¶ 5 of the Post Affidavit *in toto*.

SO ORDERED.

DATED at Burlington, in the District of Vermont, this 23rd day of March, 2010.

Hon. Christina Reiss
United States District Judge